**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENBORO
CIVIL ACTION NO. 4:15CV-P78-JHM**

**SIR CARTER**                                                                                        **PLAINTIFF**

v.

**ALLEN BROWN** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sir Carter filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss some of the claims. The Court will also allow Plaintiff to file an amended complaint.

**I.  SUMMARY OF ALLEGATIONS**

Plaintiff was a convicted inmate at the Kentucky State Reformatory (KSR) when he filed this action, but he has since been released. His complaint arises out of his previous incarceration as a convicted inmate at the Green River Correctional Complex (GRCC). As Defendants, he names the following: Allen Brown, Warden of GRCC; Peggy Penrose, a captain at GRCC; Marilyn Boyd, a "recreation leader" at GRCC; and the Kentucky Department of Corrections (KDOC). He sues each of the individual Defendants in their individual and official capacities.

Plaintiff states that on February 10, 2015, he was acting as a referee in a basketball game played by inmates at GRCC. He states that he was "attacked from behind by inmate Tony Wynn Jr. whom I called a technical foul on for cussing at me." Plaintiff states, "He hit me several times breaking both sides of my jaw. But my left jaw needed surgery A.S.A.P. to be fixed correctly." He reports that GRCC officers transported him to Owensboro Hospital where he "sat for 3 to 5 hours with my mouth and jaw split wide open." He asserts that he was told that the

surgery could not be done there and that he was transported by ambulance to the University of Louisville Hospital on February 11, 2015.  The doctor there told him that he "would need to have a metal plate and two screws placed into my left jaw and that it would be there for the rest of my life to be fix correctly."  Plaintiff reports that he had surgery on February 12, 2015, and on February 13, 2015 was discharged at around 9:00 or 10:00 p.m. and taken to KSR "to recover in the nursing care facility unit until the doctors felt I was ready to return back prison population."  As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "not to be sent back to Green River."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

*Official-capacity claims and claims against KDOC*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants Brown, Penrose, and Boyd are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the

plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from KDOC, a state agency, and state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983.

Additionally, the Eleventh Amendment[1] acts as a bar to claims for monetary damages against these Defendants. A state, its agencies, and its officials sued in their official capacities for damages may not be sued in federal court unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

Therefore, Plaintiff's claim against KDOC and his official-capacity claims against Defendants Brown, Penrose, and Boyd for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

---

[1] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

*Injunctive relief claims*

Moreover, Plaintiff's claims for injunctive relief also fail. Plaintiff filed a notice of change of address stating that he has been released from incarceration. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Therefore, Plaintiff's claims seeking injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

*Individual-capacity claims*

Plaintiff also sues Defendants Brown, Penrose, and Boyd in their individual capacities. However, he does not state specific allegations against these Defendants or state how they were directly involved in the alleged events. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff fails to state in the complaint or its attachments the grounds for seeking relief against Defendants Brown, Penrose, and Boyd. Therefore, the complaint is subject to dismissal for failure to meet the pleading standards of Rule 8(a). However, the Court will give Plaintiff an opportunity to file an amended complaint to state specific allegations against each individual Defendant. *See LaFountain v. Harry*, 716 F.3d 944,

951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against KDOC and the official-capacity claims for monetary damages against Defendants Brown, Penrose, and Boyd are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) because the claims fail to state a claim upon which relief may be granted and/or seek relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that that claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint to state specific allegations against each individual Defendant**. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

**<u>Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the entire action for the reasons stated herein.</u>**

Date:  December 16, 2015

*signature*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010

6