UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:15CV-P78-JHM

**SIR CARTER**                                                                                          **PLAINTIFF**

v.

**ALLEN BROWN** *et al.*                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Sir Carter filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.  Upon initial screening of the action pursuant to 28 U.S.C. § 1915A, the Court entered a Memorandum Opinion and Order on December 17, 2015, dismissing some of Plaintiff's claims.  The Court also determined that, although Plaintiff sued Defendants Allen Brown, Peggy Penrose, and Marilyn Boyd in their individual capacities,[1] Plaintiff failed to state specific allegations against them or to state how they were directly involved in the alleged events.  The Court found that the complaint, therefore, was subject to dismissal for failure to meet the pleading standards of Fed. R. Civ. P. 8(a).  However, the Court gave Plaintiff an opportunity to file an amended complaint to state specific allegations against each of these Defendants and ordered him to do so within 30 days of the Memorandum Opinion and Order.  The Court further stated, "Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the entire action for the reasons stated herein." (Emphasis omitted.)

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Memorandum Opinion and Order or to otherwise take action in this case.  While the Court has a

---

[1] Plaintiff also sued the Kentucky Department of Corrections (KDOC).  The Court dismissed the claims against the KDOC in the December 17, 2015, Memorandum Opinion and Order for failure to state a claim upon which relief may be granted and/or for seeking relief from a defendant who is immune from such relief.

duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Plaintiff failed to state in the complaint or its attachments the grounds for seeking relief against Defendants Brown, Penrose, and Boyd. Moreover, Plaintiff failed to state such grounds in an amended complaint when afforded an opportunity to do so. Therefore, the claims against these Defendants will be dismissed for failure to meet the pleading standards of Rule 8(a).

Because all claims have now been dismissed, the Court will enter a final Order dismissing the action.

Date: February 18, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010

2